William L. Schmidt, SBN 206870
Email: legal.schmidt@gmail.com
Jeffrey W. Eisinger, SBN 109299
Email: legal.schmidt.jeff@gmail.com
**WILLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.**
P.O. Bo 25001
Fresno, CA 93729
Telephone: (559) 261-2222
Facsimile: (559) 436-8163

Attorneys for Plaintiff DIANA ESPINOZA
And JAIME RUIZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DIANA ESPINOZA, individually and as successor-in-interest to KRYS BRANDON RUIZ, deceased; and JAIME RUIZ, individually and as successor-in-interest to KRYS BRANDON RUIZ, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOMPOC, a governmental agency; ANDREW S. WHITE, individually, MAURICIO T. CALDERON, individually, JULIO C. CARRILLO-BUENO, individually, and DOES 1-10, inclusive. <br><br> Defendants. | CASE NO.  2:21-cv-08563 AG-AGR <br><br> **JOINT SCHEDULING REPORT** <br><br> Date:  April 1, 2022 <br> Time:  10:00 a.m. <br> Ctrm:  7B <br> The Honorable Judge Birotte, Jr. |

Pursuant to the Court's Order Setting Mandatory Scheduling Conference (Doc. No. 19) Plaintiffs and Defendants submit this Joint Scheduling Report.

**1.    STATEMENT OF THE CASE**

**Plaintiff's Contentions:**

On March 28, 2021, Krys Brandon Ruiz was shot and killed by Defendants White and Calderon who were police officers employed by the City of Lompoc.  Around 8:00 p.m. on that date, an anonymous 911 caller reported that there was a person holding a gun in an alley.  White

and Calderon confronted Ruiz who was wearing a clown mask and was in possession of a knife. He was shot without any warning that deadly force would be used. After the shooting, Defendants White, Calderon and Carrillo failed to timely summon medical care for Ruiz or permit medical personnel to treat him.

**Defendant's Statement:**

On March 28, 2021, Decedent Krys Brandon Ruiz ("Ruiz") was shot by Corporal Andrew White and Officer Mauricio Calderon in what can only be considered a "suicide by cop" incident. At approximately 8:00 p.m., Ruiz himself anonymously called 911 and reported a person holding a gun walking down an alley between H and G Streets by the old Lompoc Theater, wearing dark clothing and a mask. Within minutes, numerous officers were dispatched to the scene. Officer Julio Carrillo-Bueno was the first on scene and drove his marked police vehicle into the alley between H Street and G Street, observing Ruiz in the alley. Officer Carrillo exited his vehicle and gave commands to Ruiz show his hands. Ruiz failed to follow commands to show his hands, instead walking through bushes into a dark, vacant lot, away from Officer Carrillo-Bueno.

Officer Calderon approached the area and parked his marked police vehicle on the street near the vacant lot. Officer Calderon approached the vacant lot and encountered Ruiz. Officer Calderon likewise told Ruiz to show his hands, and Ruiz began walking away from him. Ruiz then stopped, turned around, and started walking towards Officer Calderon. Ruiz then brought his hand up and began running at full speed towards Officer Calderon. When Ruiz was approximately 20-25 feet away, Officer Calderon saw a knife in Ruiz's right hand. When Ruiz was approximately 15-20 feet away, Officer Calderon fired his weapon to protect himself. Once Ruiz fell to the ground, Officer Calderon stopped shooting.

At approximately the same time as Officer Calderon approached the vacant lot, Corporal White also approached the area in his marked police vehicle. Corporal White also commanded Ruiz to show his hands. Ruiz failed to do so. Corporal White observed Ruiz running towards Officer Calderon and also observed a knife in Ruiz's right hand. Corporal White also fired his weapon at Ruiz as he ran towards Officer Calderon.

Officers immediately began coordinating medical care, and an AMR unit stood by until Ruiz had been secured. It was clear, however, that Ruiz was deceased. Written on the Decedent's right arm was the phrase, "Reach in my pocket." Inside his front left pants pocket, a note was recovered from a plastic Ziploc bag which can only be described as a suicide note.

## 2. PROPOSED DEADLINE FOR AMENDMENTS TO PLEADINGS

Plaintiffs propose March 11, 2023 as the deadline for amending its complaint. This is based on the Defendants' Motion to Dismiss the *Monell* claim. If the motion is granted, the Plaintiffs hope to gather sufficient evidence via discovery to re-allege the claim.

## 3. SUMMARY OF FACTUAL AND LEGAL CONTENTIONS

**Plaintiff's Contentions:**

The complaint alleges federal claims pursuant to 42 U.S.C. §1983 for unlawful detention, excessive force, denial of medical care, substantive due process denial, and municipal liability. The Plaintiffs also assert state claims for battery, negligence, and violation of the Bane Act.

**Defendants' Contentions:**

The primary legal issues are whether the individual Defendants had reasonable suspicion to detain the decedent; whether the individual Defendants' use of force was objectively reasonable; whether the individual Defendants took reasonable steps to secure medical care which they recognized as necessary for the decedent; whether the actions of the individual Defendants shocked the conscience so as to justify a substantive due process claim by the decedent's parents; whether there is a basis for *Monell* liability under either a ratification or failure to train theory; the nature and extent of any alleged damages; whether the individual Defendants' conduct rises to a level that supports punitive damages; and whether the decedent was comparatively negligent.

## 4. SUMMARY OF DISPUTED FACTUAL AND LEGAL CONTENTIONS

**Undisputed Facts/Legal Issues:**

1) The City of Lompoc is a governmental entity, and the Lompoc Police Department is a law enforcement agency.

2) At the time of the incident, the individual defendants were acting in the course and scope of their duties as employees of the Lompoc Police Department.

3) Jurisdiction and venue are undisputed.

**Disputed Facts/Legal Issues:**

The parties expect that all other facts and issues will be in dispute.

**List of Parties, witnesses and evidence:**

The Plaintiffs are appearing in their individual capacities and as successors in interest to the estate of the decedent. As the only surviving witnesses to the shooting, the individual defendants will be the primary percipient witnesses for plaintiffs. Investigatory records pertaining to the shooting will be the key documents relied upon by the plaintiffs.

The plaintiffs have named the City of Lompoc and three individual Defendants: Andrew White, Mauricio Calderon, and Julio Carrillo-Bueno. The individual Defendants are percipient witnesses to the incident, as are several other police officers and non-sworn personnel. In addition, other police officers are percipient witnesses to prior contacts with the decedent. Defendants anticipate relying on photographic, video, audio, and forensic evidence, as well as investigation files and records of prior contacts with the decedent.

**Damages:**

The plaintiff believes that provable damages are in the range of $2,000,000. Defendants are not alleging damages.

**Insurance:**

The City of Lompoc is self-insured under the Government Code.

**Motions:**

The plaintiffs do not anticipate adding other parties or claims at this time. It is possible that the plaintiffs will need to amend their complaint after discovery is completed, depending on the outcome of the defendants' motion to dismiss the *Monell* claims.

Defendants do not anticipate the likelihood of any motions seeking to add other parties or claims, file amended pleadings, or transfer venue.

**Dispositive Motions:**

The plaintiffs do not anticipate filing dispositive motions. Once the case is at issue, Defendants anticipate filing a motion for summary judgment on liability.

**Complex Litigation:**

The parties do not believe that this case qualifies as complex litigation.

**Status of Discovery:**

Discovery has yet to begin. Defendants anticipate serving initial disclosures on March 23, 2022.

**Discovery Plan:**

The plaintiffs intend to propound written discovery and take the depositions of the individuals who were present at the shooting, as well as their superiors. Discovery will focus on the events of the shooting and the training of the defendant officers. The plaintiffs do not see a present need to conduct discovery in phases or limit it in any way.

The defendants also intend to propound written discovery on the plaintiffs and to take their depositions. Defendants' discovery will focus on the mental health history of the decedent and the potential damages in this case.

**Settlement:**

The parties have conducted brief settlement discussions. Settlement does not appear to be imminent. The parties are open to a settlement conference with the magistrate after discovery has concluded.

**Trial Estimate:**

The parties estimate trial to be between 7-10 days. It is difficult for the plaintiffs to specify the number of witnesses prior to discovery, but including experts, it may be 10-12. Defendants contemplate calling 15-20 witnesses, including experts, some of which may overlap with the plaintiffs' witnesses.

**Trial Counsel:**

The case will be tried by plaintiffs' counsel William L. Schmidt. Trial counsel for the defense will be G. Ross Trindle, III, and Alison S. Flowers.

**Independent Expert of Master:**

The parties do not anticipate the need for an expert or master.

**Other Issues:**

The plaintiffs are unaware of other issues needing the court's attention at this time.

Defendants will likely request that the Court bifurcate the issues of liability and punitive damages, and to exclude evidence of Defendants' financial condition until (and if) the plaintiffs have first proven liability for punitive damages. Defendants note that, as of the filing of this Report, the case is not yet at issue.

**Discovery Cut-off:**

See worksheet.

**Expert Discovery:**

See worksheet.

5. **PROCEDURAL STATUS**

There are currently no matters pending before the court. Plaintiffs are in the process of amending the complaint in response to the recent ruling on the Defendants' motion to dismiss several causes of action.

6. **DISCOVERY PLAN**

 a)   Initial Disclosure Exchange:   30 days after Issuance of Scheduling Order

 b)   Non-Expert Discovery Cutoff:   See Worksheet

 c)   Expert Witness Disclosure:   See Worksheet

    Supplemental Expert Disclosure:   See Worksheet

 d)   Expert Discovery Cutoff:   See Worksheet

 e)   The Parties do not propose any changes in the limits on discovery.

 f)   The parties anticipate the need for a protective order concerning any confidential material that arises through discovery. The Parties will work on a protective order to address such discovery.

 g)   The parties do not have any proposals relating to the time, sequencing, phasing, or scheduling of discovery.

 h)   The parties do not currently anticipate the need to take discovery outside the

United States.

    i) The parties anticipate that they will audio/video record many of the depositions in this case.

## 7. DISCOVERY RELATING TO ELECTRONIC, DIGITAL AND/OR MAGNETIC DATA

The parties anticipate seeking discovery of computer-based information, including emails, reports, files, social media, and other electronically stored information. The parties have met and conferred to discuss the scope and categories of discovery.

## 8. ELECTRONIC DISCOVERY

    a) **Computer-based information (in general):** Parties agree to work together to preserve and produce electronic and/or digital data if such exists.

    b) **E-mail information:** Parties will work together to develop search terms and parameters for relevant e-mail content.

    c) **Deleted information:** The Parties agree to search for any deleted electronic information.

    d) **Backup data:** The Parties agree to search for any backup data.

## 9. DATES AGREED UPON BY THE PARTIES

See worksheet.

## 10. BIFURCATION OF TRIAL

The Plaintiff's do not seek bifurcation.

## 11. RELATED CASES

There are no related cases.

Dated: March 18, 2022        ALESHIRE & WYNDER, LLP

                                  By:   /s/ Alison Flowers
                                           Alison Flowers
                                           Attorneys for Defendants

Dated: March 18, 2022,                WILLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.

                                      By:   /s/ William L. Schmidt
                                             William L. Schmidt
                                             Jeffrey W. Eisinger
                                             Attorneys for Plaintiff Angelina Anderson